UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY GLEIS,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATES, LLC, AMIT GRANOT (M.D.), AMY LOPES, KIM LAWSON, AMY BARROWS, BEACON PROPERTIES, LLC, MARIE COLE, EMERSON HOSPITAL, TANYA TAYLOR (L.C.S.W.), SAMUEL T. SOCKWELL (M.D.), CHARLES S. WASSERMAN (M.D.), TOWN OF MAYNARD, MARK DUBOIS (POLICE CHIEF), STEPHEN JONES (P.D. SGT.), MICHAEL NOBLE (P.D. LT.), MARY MCCUE (P.D. OFFICER), PAUL MARIA (P.D. OFFICER) MICHAEL PARR (FIRE DEPARTMENT), ANTHONY STOWERS (FIRE DEPARTMENT), CATHERINE DOE (DOE 1) AND DOE 2 through DOE 10, inclusive,<br><br>Defendants | CIVIL ACTION NO. 17-11093WGY |

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, AMIT GRANOT, M.D.'S RULE 12(b)(6) MOTION TO DISMISS**

### **INTRODUCTION**

This case is *a pro se* action brought by the plaintiff, Nancy Gleis, ("Ms. Gleis"), relative to an involuntary mental health evaluation performed on her pursuant to M.G.L. c. 123 § 12, ("Section 12"), on June 11, 2014.[1] See Exhibit 1, Complaint.

---

[1] The plaintiff previously filed suit with this Court in 2015 based upon the same facts and against the same defendants before withdrawing her complaint, see 1:15-CV-11643-WGY.  The plaintiff has now initiated a second suit by filing a nearly identical complaint.

The role of the defendant, Amit Granot, M.D., ("Dr. Granot"), was limited to signing the plaintiff's Section 12 application at the request of local police officials who were concerned that Ms. Gleis presented a risk of harm to herself and/or others.

The following counts in the complaint apply to Dr. Granot: <u>Count 6:</u> Conspiracy as to All Defendants; <u>Count 8:</u> 'Unspecified' as to "Advocates" Defendants; and <u>Count 11:</u> Intentional Infliction of Emotional Distress as to all Individually Named Defendants.

For the reasons set forth in the following memorandum of law, the plaintiff's complaint fails to state claims upon which relief can be granted as to all counts against Dr. Granot.

## FACTUAL BACKGROUND

1. The plaintiff alleges that her Section 12 evaluation was a result of retaliation by the Maynard Police Department, ("Maynard defendants"), after a series of events which began with the plaintiff questioning the department's authority in 2010. <u>Exhibit 1</u>, ¶¶14-19. More specifically, the plaintiff claims that in 2010, she wrote a letter to the police chief complaining that she observed a Maynard police officer engage in the "unlawful and unconstitutional" conduct of driving his patrol car into Acton while she was walking along a golf course that separates Acton from Maynard. <u>Exhibit 1</u>, ¶ 14.

2. According to the plaintiff, this event prompted members of the Maynard Police Department to engage in a course of conduct aimed at harassing and tormenting the plaintiff so that she would leave town and no longer question the department's authority. <u>Exhibit 1</u>, ¶ 4(B).

3. The plaintiff alleges that this retaliatory conduct continued over the course of several years, culminating on June 11, 2014, with her involuntary transfer to the psychiatric unit of Emerson Hospital. <u>Exhibit 1</u>, ¶¶ 13, 19.

4. With respect to the moving party, **the complaint is limited to only two factual allegations against Dr. Granot**: (1) that Dr. Granot, as an employee of Advocates, pre-signed the plaintiff's section 12 application and gave it to the Maynard defendants for use at their convenience; and (2) that Dr. Granot knew that no one from Advocates had interviewed Ms. Gleis, and relied upon representations of others in signing the application. Exhibit 1, ¶¶ 58, 59.

## LEGAL STANDARD

The plaintiff's complaint must contain "a short and plain statement of the claim[s] showing that [the plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [her] "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"In evaluating the [complaint], the court must delineate factual allegations from allegations that merely offer legal conclusions couched as facts or statements that are otherwise threadbare or conclusory." Cryer v. Spencer, 934 F.Supp.2d 323, 330 (D. Mass. 2013).

The "duty to be less stringent with *pro se* complaints does not require [the Court] to conjure up implied allegations." Baxter v. Conte, 190 F.Supp.2d 123, 126 (D. Mass. 2001), citing McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

"Dismissal for failure to state a claim is appropriate if the complaint fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.' Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008), citing Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005), quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997).

## ARGUMENT

I. **Count 6 Of The Plaintiffs Complaint Against Dr. Granot For 'Conspiracy' Does Not State A Claim Upon Which Relief Can be Granted.**

In Count 6 of the complaint, the plaintiff alleges that the defendants collectively conspired to deprive her of "equal protection of the law" or "of the equal privileges and immunities under the law" in violation of 42 U.S.C. §1983 and the laws and statutes of the Commonwealth of Massachusetts. Exhibit 1, ¶ 48. In support of this claim, the complaint alleges only that Dr. Granot "pre-signed" a Section 12 application without examination based upon information provided to her by the Maynard defendants. Exhibit 1, ¶¶58, 59.

As a preliminary matter, pursuant to Section 12, a qualified physician may apply for a patient's hospitalization **without examination;** if such examination is not possible due to the emergency nature of the case and the patient's refusal to submit to an examination. Emphasis Added. *See* M.G.L. c. 123 § 12(a). Put simply, **the actions of Dr. Granot, as alleged by the plaintiff, are specifically authorized under Massachusetts law.**

A. **The Plaintiff Does Not Allege Sufficient Facts To Maintain A Claim For Civil Conspiracy Against Dr. Granot.**

"A "conspiracy" is "an agreement by the defendant with another person or persons" to commit an unlawful offense." Soni v. Boston Medical Center Corp., 683 F.Supp.2d 74, 100 (D. Mass. 2009), citing United States v. Moran, 984 F.2d 1299, 1302 (1st Cir. 1993). "Therefore, to support a claim for common law conspiracy, the plaintiff must allege facts showing the existence of an agreement or common plan between two or more persons." Id.

In order to maintain a claim for civil conspiracy against Dr. Granot, the plaintiff's complaint must sufficiently allege that Dr. Granot entered into an *agreement* with another person or persons to commit an *unlawful act*. The complaint does not allege such facts. With respect to Dr. Granot, the plaintiff's factual allegations are limited. The plaintiff claims that Dr. Granot pre-signed the plaintiff's Section 12 application knowing that no interview had been conducted; and gave the Section 12 application to the Maynard defendants for their use after relying on their representations. Exhibit 1, ¶¶ 58, 59.

These excerpts from the complaint allege affirmative and individual acts. Nowhere in the plaintiff's factual allegations against Dr. Granot is there any reference to an *agreement* with the Maynard defendants, nor is there reference to an agreement to commit an *unlawful act;* especially where Dr. Granot's alleged actions were specifically authorized by statute. See M.G.L. c. 123 § 12(a).

"[A] claim of conspiracy must allege facts that suggest a conspiracy rather than set out conclusory allegations that the defendants made an unlawful agreement." Boyle v. Barnstable Police Dept., 818 F.Supp.2d 284, 318 (D. Mass. 2011). See Twombly at 556 (a conspiracy claim "requires a complaint with enough factual matter (taken as true) to

5

suggest that an agreement was made." *See also* DM Research v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999), (allegations of conspiracy or agreement are **insufficient to survive motion to dismiss** without additional factual support). Emphasis Added.

With respect to the individual claim of conspiracy against Dr. Granot, the plaintiff has not alleged facts which suggest that Dr. Granot entered into an *agreement* with anyone to cause her harm. Accordingly, the plaintiff fails to allege sufficient facts required to maintain a claim for civil conspiracy against Dr. Granot, and Count 6 of the complaint should be dismissed.

### B. The Plaintiff Does Not Allege Sufficient Facts To Maintain A Claim Against Dr. Granot For Violation Of 42 U.S.C. § 1983 or State Law.

In Count 6, the plaintiff also contends that the defendants' actions amounted to a violation of 42 U.S.C. § 1983. Exhibit 1, ¶ 48. In order to assert a valid claim under 42 U.S.C. § 1983, the plaintiff "must show that the challenged conduct is attributable to a "person" who acted "under color of state law," and that it caused the plaintiff to be deprived of rights, privileges or immunities secured by the United States Constitution or by federal law." Ahern v. O'Donnell, 109 F.3d 809, 815 (1st Cir. 1997).

In her complaint, the plaintiff alleges that Dr. Granot, at all relevant times, was employed by "Advocates," which she describes as a "a non-profit organization with a stated purpose of providing assistance to residents of Massachusetts who are experiencing psychiatric issues, substance abuse and/or learning disabilities." Exhibit 1, ¶ 10. Taking the facts of the complaint in light most favorable to the plaintiff, Dr. Granot has been alleged only to be an employee of a nonprofit mental healthcare group. At no point in her

complaint does the plaintiff allege that Dr. Granot was a state employee or that her employer was a state-affiliated health care organization so as to make her a State actor.

The plaintiff also alleges that Dr. Granot pre-signed her section 12 application and gave it to the Maynard defendants for use at their convenience. Exhibit 1, ¶ 58. This factual allegation does not sufficiently allege that Dr. Granot acted under the direction or authority of the Maynard defendants so as to be a state actor under the law. "It is [o]nly in rare circumstances' that private parties can be viewed as state actors and, thus, liable for violations of constitutional rights." Estades—Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005), citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). "[A] person does not become a State agent simply because she is employed by the government or because she has had some antecedent contact with police; she becomes a State actor only when government affirmatively encourages or acquiesces in acts she undertakes with the intent of serving some governmental purpose." Pareles v. Partners Healthcare System, Not Reported in F.Supp.2d, 2012 WL 2800523 at *1, citing United States v. Pervaz, 118 F.3d 1, 5-6 (1st Cir. 1997).

The First Circuit Court of Appeals has provided extensive guidance on how to determine whether a private physician's actions can subject him or her to liability under 42 U.S.C. §1983. In a strikingly similar case, Rockwell v. Cape Cod Hospital, the Court considered a *pro se* plaintiff's appeal from the dismissal of her (42 U.S.C. §1983) complaint against two private physicians and a private hospital related to her involuntary commitment to the Hospital under M.G.L. c. 123 § 12. Rockwell v. Cape Cod Hospital, 26 F.3d 254 (1st Cir. 1994). The Court affirmed the dismissal, holding that **a private physician who admits a person to a**

7

**hospital pursuant to Section 12 does not act under color of state law, and is not subject to suit under 42 U.S.C. § 1983.** Emphasis Added. Id. at 257.

In reaching its conclusion, the Rockwell Court underwent a three-pronged analysis to determine if the Hospital was a state actor, and applied the same analysis to the individual private physicians. Id. Under the *State Compulsion Test:* the Court specifically held that the applicable state statute (M.G.L. c. 123 § 12) neither compels nor encourages involuntary commitment. Therefore, the Hospital/Physicians were not state actors by state compulsion. Id. at 258.

Under the *Nexus/Joint Action Test:* the Court held that (M.G.L. c. 123 § 12) did not create a sufficiently close nexus between the state and the Hospital/Physicians to mandate classification as a state actor. Id.

Lastly, under the *Public Function Test:* the Court held that in order for a private actor to be deemed to have acted under color of state law, it is not enough to show that the private actor performed a public function. The plaintiff must show that the private entity [or physician] assumed powers "traditionally *exclusively* reserved to the State." Id. The Court concluded that the powers exercised by the Hospital [and Physicians] (in applying for a Section 12 evaluation) were not of the sort [which are] "traditionally the *exclusive* prerogative of the state," and found that **the defendants were not performing a public function by admitting the patient to the Hospital under M.G.L. c. 123 § 12.** Emphasis Added. Id. at 258-259.

In the instant matter, as in Rockwell, the plaintiff has failed to allege any facts which establish that Dr. Granot signed her Section 12 application as a state actor or while acting

under the color or state law. Accordingly, her claim against Dr. Granot in Count 6 should be dismissed.

Regarding the plaintiff's claims in Count 6 that Dr. Granot conspired to deprive her of rights secured by the "Laws and Statutes of the Commonwealth of Massachusetts," the complaint never specifically enumerates any law(s) or statute(s) that were allegedly violated. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly at 545. On its face, this claim fails for lack of sufficient facts or cognizable theory of law entitling the plaintiff to relief.

To the extent that the plaintiff intends to allege that Dr. Granot committed acts which violated her rights under the Massachusetts Civil Rights Act (MCRA), the plaintiff has failed to allege sufficient acts to maintain a valid claim." While the MCRA is the state "counterpart" to section 1983 and is basically "coextensive with" the federal statute, there are some differences." Fletcher v. Szostkiewicz, 190 F.Supp.2d 217, 230 (D. Mass. 2002). "For example, to succeed on an MCRA claim, a plaintiff, unlike with section 1983, must show that the derogation of [civil] rights occurred "by threats, intimidation or coercion." Id., citing Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989), *see also* M.G.L. c. 12 §11I. The plaintiff alleges no such prerequisite facts in her complaint.

"The Massachusetts Supreme Judicial Court ("SJC") has held that a "threat" is "an intentional exertion of pressure to make another fearful or apprehensive of injury or harm;" that "intimidation" is the "putting [of someone] in fear for the purpose of compelling or deterring conduct;" and that "coercion" is an "application to another of such force, either

9

physical or moral, as to constrain him to do against his will something he would not otherwise have done." LaManque v. Massachusetts Dept. of Employment and Training, 3 F.Supp.2d 83, 93 (D. Mass. 1998), citing Planned Parenthood, Inc. v. Blake, 417 Mass. 467, 473-474 (1994). In no way can the limited factual allegations against Dr. Granot in the plaintiff's complaint be interpreted to arise to the level of such conduct. Conversely, the actions of Dr. Granot, as alleged by the plaintiff, are specifically authorized by state statute. *See* M.G.L. c. 123 § 12(a).

Accordingly, where the plaintiff has failed to allege that Dr. Granot engaged in threats, intimidation or coercion, any intent to make a claim under the MCRA against Dr. Granot should be dismissed.

**II.     Count 8 Of The Plaintiff's Complaint Against Dr. Granot Fails To State A Claim Upon Which Relief Can be Granted.**

From the outset, Count 8 of the complaint fails to state any legal cause of action for which the plaintiff is entitled to relief. As such, this count should be dismissed for failure to adhere to Fed.R.Civ.P. 8.

The substance of Count 8 amounts to an extension of the plaintiff's section entitled "Facts Common to All Counts." More specifically, Count 8 consists largely of conclusory statements regarding the Advocates defendants with no reference to any particular cause of action. The plaintiff refers in conclusory fashion to the Advocates defendants' alleged "desire to increase their monetary income," turnover of Advocates employees, billing practices, information management and employee training practices. Exhibit 1, Count 8, ¶¶ 52-69.

In order to survive the instant motion to dismiss, Count 8 "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action". Twombly at 555, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3rd ed. 2004).

Absent from Count 8 is any factual allegation specific to Dr. Granot which would entitle the plaintiff to relief under the law. Where the plaintiff fails to set forth any plausible facts which may entitle her to relief under the law in Count 8, Dr. Granot requests that the Court dismiss Count 8 of the complaint against her in its entirety.

### III. Count 11 Of The Plaintiff's Complaint Against Dr. Granot For Intentional Infliction Of Emotional Distress Does Not State A Claim Upon Which Relief Can Be Granted.

#### A. The Plaintiff Does Not Allege Sufficient Facts To Maintain A Claim Against Dr. Granot For Intentional Infliction Of Emotional Distress.

To state a cause of action for the intentional infliction of emotional distress, ("IIED"), under Massachusetts law, the plaintiff must show: (1) that the defendant intended to cause, or should have known that [her] conduct would cause, emotional distress; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiffs distress; and (4) the plaintiff suffered severe distress. Lamanque v. Massachusetts Dept. of Employment and Training, 3 F.Supp.2d 83, 94 (D. Mass. 1998), citing Sena v. Commonwealth, 417 Mass. 250, 263-264 (1994).

The initial question of whether the complained-of conduct was "extreme and outrageous" may be determined as a matter of law. Sena at 264. This standard has been set "very high" even at the motion to dismiss stage..." Santiago v. Keyes. 890 F.Supp.2d 149,

159 (D. Mass. 2012); citing Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996), (quoting Agis v. Howard Johnson Co., 371 Mass. 140, 143 (1976)).

The plaintiff has alleged no facts which could establish that Dr. Granot intended to cause her harm; or that Dr. Granot's conduct could be classified as either *extreme* or *outrageous*. Rather, the plaintiff alleges, in essence, that Dr. Granot improperly concluded that the plaintiff was a threat to herself or others based upon information supplied by the Maynard defendants. Even if the plaintiff's alleged facts are accepted as true by the Court, Dr. Granot's actions in signing the Section 12 application for psychiatric evaluation are specifically authorized by state statute. *See* M.G.L. c. 123 § 12(a).

Further, the plaintiff has failed to allege facts which establish that she suffered "severe distress" as a result of Dr. Granot's actions. The plaintiff alleges that she suffered: sleeplessness, anxiety, one sudden crying spell, depression, a loss of control, and slept in street clothes in her living room. Exhibit 1, ¶ 20. These facts do not rise to the level of "severe" emotional distress. *See* Willoughby v. Town of Tisbury, 750 F.Supp.2d 374, 384 (D. Mass. 2010) (dismissing IIED claim where plaintiffs failed to show that they suffered "severe" emotional distress: "Besides their claim within Count III that they suffered "emotional distress, pain and suffering, mental anguish, humiliation, and embarrassment," Plaintiffs do not mention emotional distress at any other point in their *Amended Complaint,* nor do they provide facts to show how they have suffered more than emotional responses.").

Where the plaintiff has failed to allege facts which establish extreme or outrageous conduct by Dr. Granot; and where the plaintiff fails to allege severe distress, Count 11 against Dr. Granot for the intentional infliction of emotional distress should be dismissed.

> **B.     Dr. Granot Is Immune From Liability To The Plaintiff Pursuant To M.G.L. c. 123, § 22.**

The plaintiff's claim for intentional infliction of emotional distress against Dr. Granot is a state law claim and pursuant to Massachusetts statutory law, Dr. Granot is immune from civil liability to the plaintiff for this cause of action.

> M.G.L. c. 123 § 22 states:
>
>> Physicians, qualified psychologists, qualified psychiatric nurse mental health clinical specialists, police officers and licensed independent clinical social workers **shall be immune from civil suits for damages for** restraining, transporting, **applying for the admission of or admitting any person to a facility** or the Bridgewater state hospital if the physician, qualified psychologist, qualified psychiatric nurse, mental health clinical specialist, police officer or licensed independent clinical social workers acts pursuant to this chapter. Emphasis Added.

The plaintiff concedes in her complaint that Dr. Granot is a physician and signed the Section 12 application in this capacity. Accordingly, where Dr. Granot is afforded specific statutory immunity related to any state-law claims asserted by the plaintiff in this matter, Count 11 against Dr. Granot for intentional infliction of emotional distress should be dismissed.

**CONCLUSION**

The plaintiff has failed to allege facts against Dr. Granot in <u>Count 6</u>, <u>Count 8,</u> or <u>Count 11</u> which establish that she is entitled to relief under any legal theory. Accordingly, the plaintiff's complaint fails to adhere to the requirements of Fed.R.Civ.P. 8; and Dr. Granot respectfully requests that the Court dismiss the complaint against her in its entirety.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted,<br>AMIT GRANOT, M.D. |
| I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 19, 2017.<br><br>*/s/ John K. Babcock* | By Her Attorneys,<br><br>*/s/ John K. Babcock*<br>Brent A. Tingle BBO No. 559974<br>btingle@morrisonmahoney.com<br>John K. Babcock BBO No. 674212<br>jbabcock@morrisonmahoney.com<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210-1181<br>Phone: 617-439-7500 |